## TABLE OF CONTENTS

I.   Statement of Facts .................................................................................................... 2

II.  The Case Should Be Transferred to the Eastern District of Pennsylvania ......... 4

    A.   Applicable Legal Standards ............................................................................ 4

    B.   Venue is Proper in the Eastern District of Pennsylvania ......................... 5

    C.   Transfer is Warranted .................................................................................... 5

        1.   Convenience of the Witnesses ................................................................ 6

        2.   Convenience of the Parties ..................................................................... 7

        3.   Location of Relevant Documents ........................................................... 8

        4.   Locus of Operative Facts ........................................................................ 8

        5.   Forum's Familiarity with the Governing Law ..................................... 10

        6.   Weight Accorded to the Plaintiff's Choice of Forum .......................... 10

        7.   Trial Efficiency and the Interest of Justice .......................................... 11

III. This Case Should Be Dismissed for Lack of Personal Jurisdiction and Improper Venue ...................................................................................................... 12

    A.   Personal Jurisdiction ..................................................................................... 12

        1.   Applicable Legal Standards .................................................................. 12

        2.   The Case Should Be Dismissed for Lack of Personal Jurisdiction ........... 14

    B.   Venue .............................................................................................................. 15

IV.  Conclusion .................................................................................................................. 16

# TABLE OF AUTHORITIES

## CASES

*800- Flowers, Inc. v. Intercontinental Florist, Inc.*
  860 F. Supp. 128 (S.D.N.Y. 1994) ..................................................................................10

*AbovePeer, Inc. v. Recording Industrial Associate of America, Inc.*
  166 F. Supp. 2d 655 (N.D.N.Y. 2001), *aff'd* 21 Fed. Appx. 52 (2d Cir. 2001) ..............2

*Bensusan Rest. Corp. v. King*
  126 F.3d 25 (2d Cir. 1997)................................................................................................13

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)...............................................14

*In re Cuyahoga Equip. Corp.*
  980 F.2d 110 (2d Cir. 1992)................................................................................................4

*FMC Corp. v. AMVAC Chemical Corp.*
  379 F. Supp. 2d 733 (E.D. Pa. 2005) ..............................................................................2

*Frummer v. Hilton Hotels International, Inc.*
  19 N.Y.2d 533, 227 N.E.2d 851 (1967)..........................................................................14

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*
  415 F. Supp. 2d 370 (S.D.N.Y. 2006)..................................................................4, 5, 6, 8

*Grand River Enterprises Six Nations, Ltd. v. Pryor*
  425 F.3d 158 (2d Cir. 2005)................................................................................................12

*Gulf Insurance Co. v. Glasbrenner*
  417 F.3d 353 (2d Cir. 2005)................................................................................................16

*Herbert Lmt. P'ship v. Electric Acts Inc.*
  325 F. Supp. 2d 282 (S.D.N.Y. 2004)......................................................................5, 6, 10

*International Shoe Co. v. Washington*
  326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)..........................................................14

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*
  119 F. Supp. 2d 433 (S.D.N.Y. 2000).......................................................4, 5, 6, 8, 10, 11

*Klonis v. National Bank of Greece*
  492 F. Supp. 2d 293 (S.D.N.Y. 2007)..............................................................................12

*Royal & Sunalliance v. British Airways*
  167 F. Supp. 2d 573 (S.D.N.Y. 2001) ............................................................................. 6, 11

*Sole Resort, S.A. DE C.V. v. Allure Resorts Management, LLC*
  450 F.3d 100 (2d Cir. 2006) .......................................................................................... 12, 13

*Walker v. The Jon Renau Collection, Inc.*
  423 F. Supp. 2d 115 (S.D.N.Y. 2005) ............................................................................. 4, 11

*(888) Justice, Inc. v. Martin & Assoc., LLC*
  No. 06 CV 6410 (GBD), 2007 U.S. Dist. LEXIS 61849 (S.D.N.Y. Aug. 22,
  2007) .......................................................................................................................... 12, 15, 16

## FEDERAL STATUTES

28 U.S.C. § 1331 ..................................................................................................................... 5

28 U.S.C. § 1338(a) ................................................................................................................. 5

28 U.S.C. § 1367 ..................................................................................................................... 5

28 U.S.C. § 1391(b) ...................................................................................................... 5, 15, 16

28 U.S.C. § 1400 ............................................................................................................... 15, 16

28 U.S.C. § 1404(a) ................................................................................................................. 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRUCTURE PROBE INC.,

            Plaintiff,

v.

EMS ACQUISITION CORP. (D/B/A, ELECTRON MICROSCOPY SCIENCES).

            Defendant.

Civil Action No. 07-CV-3893 (LBS)

**Judge Leonard B. Sand**

## MEMORANDUM OF LAW IN SUPPORT OF EMS's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

This action has no discernible relationship to the Southern District of New York, or even to the State of New York. While both parties sell products nationwide, neither is located in New York. EMS's officers, employees, and corporate activities are all located in the Eastern District of Pennsylvania, and Structure Probe, Inc. ("SPI") also has its principal (and only) place of business in the Eastern District of Pennsylvania. EMS is not subject to personal jurisdiction in New York and the Southern District of New York is not a proper venue. The only apparent connection this case has to the Southern District of New York is that counsel for SPI is located there. This case should therefore be dismissed for lack of jurisdiction and improper venue. In the alternative, "[f]or the convenience of the parties and witnesses, in the interest of justice," this case should be transferred to the Eastern District of Pennsylvania.

I.   **Statement of Facts**

On May 17, 2007, SPI brought this action alleging copyright infringement by EMS, federal unfair competition under the Lanham Act, and unfair competition under New York common law and New York Gen. Bus. Law §§ 349 and 350. (Compl., attached as Exhibit A to the Affidavit of Raymond J. Dowd sworn to on September 20, 2007 ("Dowd Aff.")). SPI did not serve the complaint for months, so, on July 27, 2007, EMS filed a declaratory judgment action against SPI in the Eastern District of Pennsylvania requesting a declaratory judgment that SPI's claimed copyright is invalid, that EMS does not infringe any copyright owned by SPI, and that SPI's claims under the Lanham Act and state statutory and common law are preempted by the Copyright Act. (Declaratory Judgment Compl., attached as Exhibit B to the Affidavit of Raymond J. Dowd sworn to on September 20, 2007 ("Dowd Aff.")).[1] On September 19, 2007, EMS filed an Amended Complaint alleging that SPI's copyright was procured by fraud on the Copyright Office. (Amended Declaratory Judgment Compl., attached as Exhibit C to the Dowd Aff.).

---

[1]   Under the first-to-file rule, the later-filed action is usually dismissed or stayed. Exceptions to the rule, however, include circumstances where there is inequitable conduct, bad faith, anticipatory filing or *forum shopping*. *See FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 738 (E.D. Pa. 2005) (emphasis added). Additionally, the first-to-file rule should not apply when there is a showing that the balance of circumstances favor the second suit. *See AbovePeer, Inc. v. Recording Indus. Assoc. of Am., Inc.*, 166 F. Supp. 2d 655, 657 (N.D.N.Y. 2001), *aff'd* 21 Fed. Appx. 52 (2d Cir. 2001). Moreover, EMS is moving to dismiss this "first" action for lack of personal jurisdiction and improper venue. Notably, personal jurisdiction and venue are proper in the Eastern District of Pennsylvania for both EMS and SPI because EMS is a Pennsylvania corporation and SPI has its principal place of business in Pennsylvania. (Compl. ¶¶ 2-3).

SPI is a Delaware corporation having a principal place of business located at 569 East Gay Street, West Chester, Pennsylvania.[2] (Compl. ¶ 2). According to SPI's website, SPI does not have a place of business in the Southern District of New York. *See* http://www.2spi.com/order/salestax-usa-customers.html (Dowd Aff., Exhibit D). According to SPI's website, SPI has only one physical location in the United States and that location is in West Chester, Pennsylvania. (*See id.* ("Structure Probe, Inc. and SPI Supplies has only one physical point, or nexus, which happens to be our headquarters in Pennsylvania.")). Based on SPI's website, all of its officers and employees are located at its offices in West Chester, Pennsylvania. (*See id.*). SPI has no offices or employees working outside of Pennsylvania, much less in New York. (*See id.*). Since SPI is located in Pennsylvania, and has no offices or employees in New York, it does not appear that any documents, physical evidence, or witnesses that SPI will need to prove its allegations are located in the Southern District of New York. The only contact that SPI has with this District, therefore, other than the fact that it may ship products to New York State, is that its counsel in this action is located in New York.

EMS is a Pennsylvania corporation with its principal place of business and its only place of business at 1560 Industry Road, Hatfield, Pennsylvania.[3] (Declaration of Stacie G. Kirsch dated September 19, 2007 ("Kirsch Dec.") ¶ 2, attached as Exhibit E to the Dowd Aff.). EMS has no facilities, officers, employees, agents, telephone listings, bank accounts, or property of any kind in New York. (*Id.* ¶¶ 11, 12). EMS is also not licensed to do business in New York and pays no taxes to New York. (*Id.* ¶ 13). EMS does not engage in any direct marketing

---

[2] West Chester, Pennsylvania is located west of Philadelphia in the Eastern District of Pennsylvania.

[3] Hatfield, Pennsylvania is located northwest of Philadelphia in the Eastern District of Pennsylvania.

3

targeted at New York State, does not make sales calls to New York, and has not participated in any trade shows located in New York for about 15 years. (*Id.* ¶¶ 10, 14-15). Out of EMS's approximately 25,000 customers, only about 100-150 are located in New York State. (*Id.* ¶ 9). Only approximately 2% percent of EMS's sales are derived from customers in New York State, with only about half of those sales being in the counties comprising the Southern District of New York. (*Id.*). In contrast, approximately 5,000 of EMS's customers are in Pennsylvania. (*Id.*). The documents and witnesses EMS expects to rely upon in its defense of SPI's claims are located in the Eastern District of Pennsylvania. (*Id.* ¶¶ 4-5).

## II.    The Case Should Be Transferred to the Eastern District of Pennsylvania

### A.    Applicable Legal Standards

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992); *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 372 (S.D.N.Y. 2006).

The threshold question in a § 1404(a) inquiry is whether venue is proper in the proposed transferee forum. *See Walker v. The Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005); *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000). Once it has been determined that venue is proper in the transferee district, courts generally weigh a number of factors, based on the totality of the circumstances, in determining whether transfer is warranted, including: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to

compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice. *See, e.g., Fuji Photo*, 415 F. Supp. 2d at 373; *Herbert Ltd. P'ship v. Elec. Acts Inc.*, 325 F. Supp. 2d 282, 285-86 (S.D.N.Y. 2004); *Invivo Research*, 119 F. Supp. 2d at 436.

### B.  Venue is Proper in the Eastern District of Pennsylvania

This action could have been brought in the Eastern District of Pennsylvania. "An action 'could have been brought' in another forum if the defendant would have been amenable to personal jurisdiction in the transferee forum at the time the action was commenced and venue is proper there." *Invivo Research*, 119 F. Supp. 2d at 436-37. Where, as here, subject matter jurisdiction is not founded solely on diversity of citizenship,[4] venue is proper under 28 U.S.C. § 1391(b) and (c) in, among other places, a judicial district where any defendant resides, if all the defendants reside in the same state, or a judicial district in which a defendant corporation is subject to personal jurisdiction. Venue, therefore, is also proper in the Eastern District of Pennsylvania because defendant EMS resides and is subject to personal jurisdiction in the Eastern District of Pennsylvania.

### C.  Transfer is Warranted

An analysis of the factors considered by the courts in evaluating motions to transfer compels the conclusion that this case should be transferred to the Eastern District of Pennsylvania.

---

[4]  In this case, SPI pleaded that this Court has subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. (Compl. ¶ 5).

5

### 1.   Convenience of the Witnesses

The convenience of the witnesses factor weights heavily in favor of transfer. "Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *Fuji Photo*, 415 F. Supp. 2d at 373 (citations omitted); *see also Herbert*, 325 F. Supp. 2d at 286; *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 578 (S.D.N.Y. 2001); *Invivo Research*, 119 F. Supp. 2d at 437. EMS expects that all the witnesses that EMS will need to testify in this action reside and work in Pennsylvania; EMS is not aware of any possible witnesses who reside or work in New York State. (Kirsch Dec. ¶ 6). EMS has identified potential witnesses who would testify about (a) EMS's website, the sources of the material addressed in the complaint that was on EMS's website; (b) SPI's website, the material it copied from third parties to put on its website, and SPI's phony claim of copyright in the work of others; (c) the business of EMS and SPI generally; and (d) EMS's sales, and, more specifically, how none of the materials addressed in plaintiff's complaint have had any effect on EMS's sales. (*Id.* ¶ 7). These potential witnesses include the President of EMS, Stacie G. Kirsch and EMS employees, all of whom work at EMS in Hatfield, Pennsylvania. (*Id.*). The potential witnesses might also include a third party who is not an EMS employee, but who did work on EMS's website and who resides in Montgomery County, Pennsylvania. (*Id.*). Both Hatfield, Pennsylvania and Montgomery County, Pennsylvania are in the Eastern District of Pennsylvania. (*Id.* ¶ 8). As "the convenience of non-party witnesses is more significant than that of party witnesses," and all witnesses, including non-party witnesses, are located in Pennsylvania, this factor weights in favor of transfer. *See Royal*, 167 F. Supp. 2d at 577; *Herbert*, 325 F. Supp. 2d at 286.

As SPI has its principal place of business, and its only place of business in the United States, in West Chester, Pennsylvania, it is expected that many, if not all, SPI's witnesses will be

6

located in Pennsylvania and none in New York. Transfer to Pennsylvania will most likely be more convenient for the witnesses for **both** EMS and SPI, therefore, the convenience of the witnesses factor weighs heavily in favor of transfer.

### 2.     Convenience of the Parties

The convenience of the parties weights in favor of transfer. EMS is a Pennsylvania corporation with its principal place of business and its only place of business in Hatfield, Pennsylvania, within the Eastern District of Pennsylvania. (Kirsch Dec. ¶ 2). EMS has little connection to New York. EMS has no facilities, offices, employees, agents, bank accounts, or property in New York. (*Id.* ¶¶ 11-12). EMS is not licensed to do business in New York and pays no taxes to New York. (*Id.* ¶ 13). EMS does not engage in any direct marketing targeted at New York State, does not make sales calls to New York, and has not participated in any trade shows located in New York for about 15 years. (*Id.* ¶¶ 10, 14-15). EMS has approximately 25,000 customers, of whom only about 100-150 are located in New York State. (*Id.* ¶ 9). Approximately 2% percent of EMS's sales are derived from customers in New York State, and only about one half of those sales are from counties comprising the Southern District of New York. (*Id.*). EMS's facilities, employees, and sources of proof are all located in Pennsylvania, not New York. (*Id.* ¶¶ 4-5, 16). Litigation in New York would require regular travel to New York. Accordingly, the Eastern District of Pennsylvania would be a far more convenient forum for EMS.

SPI is a Delaware corporation having a principal place of business located at 569 East Gay Street, West Chester, Pennsylvania. (Compl. ¶ 2). According to SPI's website, SPI has only one physical location and that location is in West Chester, Pennsylvania. (*See* http://www.2spi.com/order/salestax-usa-customers.html ("Structure Probe, Inc. and SPI Supplies has only one physical point, or nexus, which happens to be our headquarters in

7

Pennsylvania.") (Dowd Aff., Exhibit D)). Thus, SPI does not have a place of business in the Southern District of New York. (*See id.*). Because SPI is located within the Eastern District of Pennsylvania, it will not be inconvenienced by having the case transferred from New York to Pennsylvania. In fact, SPI's principal place of business is significantly closer to the courthouse in the Eastern District of Pennsylvania than to the courthouse in the Southern District of New York.

The only contact that SPI appears to have with this District, other than the fact that it may ship products to New York State, is that its counsel, Kenyon & Kenyon LLP, in this action is located in New York City. Any argument by SPI that the Southern District of New York is more convenient for its counsel, however, "is unavailing, as 'the convenience of counsel is not an appropriate factor to consider on a motion to transfer.'" *Fuji Photo*, 415 F. Supp. 2d at 374 (quoting *Invivo Research*, 119 F.Supp.2d at 438). Both parties have their principal place of business in Pennsylvania. Thus, the convenience of the parties weights heavily in favor of transferring.

### 3. Location of Relevant Documents

The location of documents is also an important consideration in motions to transfer. *Fuji Photo*, 415 F. Supp. 2d at 374. All EMS's documents are located in Pennsylvania, (Kirsch Dec. ¶¶ 4-5), and presumably, SPI's documents are located in Pennsylvania as well, since all its officers and employees work out of SPI's West Chester, Pennsylvania office. Therefore, discovery will be facilitated if the case is transferred to Pennsylvania.

### 4. Locus of Operative Facts

The locus of operative facts is another factor courts consider. SPI has accused EMS of copying text from SPI's website and infringing SPI's allegedly registered copyright. (Compl. ¶¶ 1, 10, 12, 15-22). SPI has also accused EMS of engaging in deceptive commercial practices in

8

violation of the Lanham Act and New York statutory and common law by copying portions of SPI's website and embedding links to SPI's website in EMS's website. (*Id.* ¶¶ 23-33). Since EMS can only act through its employees and they are all located in Pennsylvania, SPI must be alleging that the "copying" took place in Pennsylvania. With regard to SPI's website, since all of its employees – including its webmaster – work in Pennsylvania, its alleged "creation" of the allegedly copyrightable material must have taken place in Pennsylvania as well. Any alleged acts of unfair competition, similarly, must have taken place in Pennsylvania, since that is where all of EMS's employees are located. In any event, the complaint certainly does not allege any operative fact as having taken place in this District or even in New York State. EMS does allege that "Defendant's unlawful activities as alleged below were and continue to be committed and had and continue to have a substantial impact in the State of New York and this District," (*id.* ¶ 7), but this allegation is based only on the fact that both plaintiff's and defendant's websites are available for viewing to persons in New York. As stated above, EMS does not engage in any direct marketing targeted at New York State, does not make sales calls to New York, and has not participated in any trade shows located in New York for about 15 years. (Kirsch Dec. ¶¶ 10, 14-15). Very few of EMS's customers are located in New York State (about 100-250 out of 25,000) and very little sales are derived from customers in New York State let alone from customers within the Southern District of New York (approximately 2% from New York State, with only half being from this District). (*Id.* ¶ 9). The documents relating to EMS's website and the witnesses who will testify about the content of EMS's website and sources of the materials at issue on EMS's website are all in Pennsylvania. (*Id.* ¶¶ 5-7). The locus of operative facts is in Pennsylvania, and because SPI has alleged nothing specific as to New York, besides a conclusory allegation, this factor weighs in favor of transfer.

9

5.  **Forum's Familiarity with the Governing Law**

SPI raises federal copyright and unfair competition claims and New York statutory and common law claims. (Compl. ¶ 4). Both the Eastern District of Pennsylvania and this District are equally familiar with federal copyright and unfair competition law. *See Herbert*, 325 F. Supp. 2d at 290-91. While SPI has also raised one count under New York statutory and common law, EMS is concurrently filing a motion to dismiss that count since New York law should not apply to alleged "unfair competition" supposedly perpetrated by a corporation incorporated in Pennsylvania and located in Pennsylvania against another corporation incorporated in Delaware and located in Pennsylvania based on alleged acts that took place in Pennsylvania. The forum's familiarity with the governing law, therefore, is neutral regarding transfer.

6.  **Weight Accorded to the Plaintiff's Choice of Forum**

While "plaintiff's choice of forum is given significant weight and will not be disturbed, unless the balance of factors weigh strongly in favor of granting the transfer," this weight "is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose." *800- Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994); *see also Herbert*, 325 F. Supp. 2d at 291; *Invivo Research*, 119 F. Supp. 2d at 438. SPI is a Delaware corporation having a principal place of business located at 569 East Gay Street, West Chester, Pennsylvania. (Compl. ¶ 2). Besides potentially selling products to customers in New York, SPI appears to have no place of business or connection to New York. (*See* http://www.2spi.com/order/salestax-usa-customers.html (Dowd Aff., Exhibit D)). Because New York is not SPI's home district and there appears to be little if any connection between SPI and New York or between any operative facts and New York, SPI's choice of forum should be given little deference.

### 7. Trial Efficiency and the Interest of Justice

Courts also evaluate if the transfer would be in the interest of justice, which primarily relates to judicial economy. *Royal*, 167 F. Supp. 2d at 578. Although not decisive, docket conditions and calendar congestion of the transferor and transferee districts are factors courts may consider. *Id.* at 578-79. "[I]t has been noted that the Southern District of New York is one of the busiest courts in the nation." *Id.* at 579. The Judicial Case Load Profile for 2006 lists the median time from filing to trial in civil cases as 25.7 months for the Southern District of New York versus 18 months for the Eastern District of Pennsylvania. *See* 2006 Federal Court Management Statistics at http://www.uscourts.gov/cgi-bin/cmsd2006.pl (Dowd Aff., Exhibit F). Just as the court found in *Royal & Sunalliance v. British Airways*, "retention of a case such as this, with only minimal connections to New York, would not serve the interest of justice, and would only 'delay adjudication of other cases brought by parties who are compelled to sue [here].'" 167 F. Supp. 2d at 579 (quoting *Kanbar v. U.S. Healthcare, Inc.*, 715 F. Supp. 602, 606 (S.D.N.Y. 1989)).

Another factor courts consider for trial efficiency is the relative progress of the case in the original forum. *Invivo Research*, 119 F. Supp. 2d at 439. In this case, EMS answered the complaint concurrently with filing this motion to transfer as well as a motion to dismiss. There has been no discovery and no mediation efforts. Because "there has not yet been a significant investment by the Southern District of New York in this case in terms of either time or work ... transferring the case to the [Eastern] District of Pennsylvania at this juncture would not cause any loss of time or effort or administrative delays." *Id.*; *see also Walker*, 423 F. Supp. 2d at 117. The trial efficiency and interest of justice factor favors transfer.

### III. This Case Should Be Dismissed for Lack of Personal Jurisdiction and Improper Venue

SPI's Complaint should be dismissed under Fed.R.Civ.P 12(b)(2) and (3) for lack of personal jurisdiction and improper venue.

#### A. Personal Jurisdiction

##### 1. Applicable Legal Standards

District Courts assessing personal jurisdiction must engage in a two-part analysis: First, the court must determine if there is jurisdiction over the defendant in the forum state; second, the court must determine whether the exercise of jurisdiction under the forum state's laws is consistent with federal due process requirements. *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). "In opposing a motion to dismiss for lack of personal jurisdiction, 'the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.'" *Id.* Under New York's general jurisdiction statute, N.Y. C.P.L.R. § 301, a foreign corporation is subject to general jurisdiction in New York if the corporation is "'doing business in the state." *Klonis v. Nat'l Bank of Greece*, 492 F. Supp. 2d 293, 299 (S.D.N.Y. 2007). "The corporation must be engaged in 'a continuous and systematic course of doing business" in New York. *Id.* "Doing business requires a showing of 'continuous, permanent and substantial activity in New York.'" *(888) Justice, Inc. v. Martin & Assoc., LLC*, No. 06 CV 6410 (GBD), 2007 U.S. Dist. LEXIS 61849, at *9-10 (S.D.N.Y. Aug. 22, 2007) (Dowd Aff., Exhibit G). New York's long-arm statute provides for specific jurisdiction over non-domiciled defendants. *See Sole Resort, S.A. DE C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).

SPI does not specify whether it bases its allegation of personal jurisdiction on general jurisdiction or specific jurisdiction, nor does SPI disclose a particular New York jurisdictional statute. New York's long-arm statute, N.Y. C.P.L.R. § 302(a), provides in relevant part:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
>> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>>
>> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>>
>> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>>
>>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>>
>>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>>
>> 4. owns, uses or possesses any real property situated within the state.

Under § 302(a)(1), two requirements must be met to establish jurisdiction: "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Id. Sole Resort,* 450 F.3d at 103. The second factor occurs "when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted.'" *Id.* (internal citations omitted). Section 302(a)(2) only reaches tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28-29 (2d Cir. 1997).

13

The exercise of jurisdiction must also be consistent with federal due process requirements. *Grand River*, 425 F.3d at 165. The court's exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The defendant must have purposefully established minimum contacts with the forum state, and the exercise of personal jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). In the leading New York Court of Appeals case, under the minimum contacts due process requirement, the court found a foreign corporation did business in New York when its New York representative: (1) Was established to provide the closest possible liaison with customers across the United States; (2) Confirmed and quoted rates for services provided by the foreign corporation; (3) Provided public relations and publicity work for the foreign corporation; (4) Maintained contacts and working relationships for the foreign corporation; (5) Helped to generate business for the foreign corporation. *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 537, 227 N.E.2d 851, 853-54 (1967).

### 2.  The Case Should Be Dismissed for Lack of Personal Jurisdiction

SPI only alleges that jurisdiction is proper because EMS "conducts business in the State of New York and in this District, including engaging in the sale, offers of sale, and the advertisement of the produces accused herein." (Compl. ¶ 6). For the same reasons discussed above to support EMS's motion to transfer, this Court does not have personal jurisdiction over EMS. EMS does not engage in "a continuous and systematic course of doing business" in New York. EMS has no facilities, offices, employees, agents, bank accounts, or property in New York. (Kirsch Dec. ¶¶ 11-12). EMS is not licensed to do business in New York and pays no taxes to New York. (*Id.* ¶ 13). EMS does not engage in any direct marketing targeted at New

14

York State, does not make sales calls to New York, and has not participated in any trade shows located in New York for about 15 years. (*Id.* ¶¶ 10, 14-15). In short, EMS has no representative, agent, or presence in New York. EMS has approximately 25,000 customers, of whom only about 100-150 are located in New York State. (*Id.* ¶ 9). Only approximately 2% percent of EMS's sales are derived from customers in New York State, and only about one half of those sales are from counties comprising the Southern District of New York. (*Id.*). The small amount of business transacted with customers in New York does not have the "substantial nexus" requirement required by the New York long-arm statute. EMS has not purposefully established minimum contacts with New York and the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. This Court, therefore, lacks personal jurisdiction over EMS.

**B.   Venue**

SPI alleges that venue is proper under 28 U.S.C. §§ 1391 and 1400 because "Defendant's unlawful activities as alleged below were and continue to be committed and had and continue to have a substantial impact in the State of New York and this District." (Compl. ¶ 7). As with an opposition to a motion to dismiss for lack of personal jurisdiction, "[o]n a motion to dismiss for improper venue, plaintiff bears the burden of demonstrating proper venue." *(888) Justice, Inc.*, No. 06 CV 6410 (GBD), 2007 U.S. Dist. LEXIS 61849, at *16.

Where the cause of action is not based solely on diversity of citizenship, 28 U.S.C. § 1391(b), a civil action may be filed in "(1) a judicial district where the any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." A defendant corporation "resides" in any district in which it is subject to personal jurisdiction.

15

*Ibid*, §1391(c). As discussed above, EMS is a Pennsylvania corporation not subject to personal jurisdiction in this District, such that this action could have been brought in the Eastern District of Pennsylvania. Venue is therefore improper under § 1391(b)(1) or (3).

Venue is also not proper under § 1391(b)(2). "The Second Circuit has cautioned district courts to construe sub-section (b)(2) of the venue statute strictly. For venue to be proper under (b)(2), '*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question even if other material events occurred elsewhere.'" *(888) Justice, Inc.*, No. 06 CV 6410 (GBD), 2007 U.S. Dist. LEXIS 61849, at *18. (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)) (emphasis in original). As demonstrated in the discussions above, because no significant events or omissions material to SPI's claim occurred in New York, venue is therefore improper under § 1391(b)(2).

Additionally, venue is improper under § 1400(a), which provides that "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." Again, EMS does not reside in this District and has no agent who resides in this District, therefore venue is improper in this District.

## IV. Conclusion

For all the above reasons, this action should be dismissed for lack of personal jurisdiction and improper venue or, in the alternative, EMS's motion to transfer this action to the Eastern District of Pennsylvania should, respectfully, be granted.

16

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated:   September 20, 2007 | _____<br>Raymond J. Dowd<br>Dunnington, Bartholow & Miller, LLP<br>477 Madison Avenue, 12th Floor<br>New York, NY 10022<br>Tel: (212) 682-8811<br>Fax: (212) 661-7769<br>Attorney for defendant<br>EMS Acquisition Corp. |

Of Counsel:

David J. Wolfsohn
Steven J. Rocci
Chad A. Rutkowski
WOODCOCK WASHBURN LLP
2929 Arch Street
Philadelphia, PA  19104
Tel: 215-568-3100
Fax: 215-568-3439