WOODCOCK WASHBURN LLP
Steven J. Rocci
Chad A. Rutkowski
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Tel:   (215) 568-3100
Fax:   (215) 568-3439
**Attorneys for Plaintiff EMS Acquisition Corp.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMS ACQUISITION CORP., | |
| Plaintiff | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| STRUCTURE PROBE INC., | **COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. COPYRIGHT, NONINFRINGMENT OF COPYRIGHT, NONVIOLATION OF THE LANHAM ACT AND NONVIOLATION OF STATE STATUTORY AND COMMON LAW** |
| Defendant. | |

Plaintiff, EMS Acquisition Corp., by and through its attorneys, and for its complaint against Defendant, Structure Probe, Inc., states:

**THE PARTIES**

1.   EMS Acquisition Corp. ("EMS") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 1560 Industry Road, Hatfield, Pennsylvania.

1

2. In a pleading in another action, Defendant, Structure Probe, Inc. ("SPI"), has alleged that it is a corporation organized under the laws of the State of Delaware having a place of business at 569 East Gay Street, West Chester, Pennsylvania.

### JURISDICTION AND VENUE

3. This is an action for declaratory judgment, brought under 28 U.S.C. §§ 2201 and 2202, which action concerns a controversy arising under the Copyright Act of the United States, as well as the Lanham Act.

4. This Court has jurisdiction by virtue of the fact that this is a civil action arising under 28 U.S.C. §§ 2201 and 2202 and under the Copyright Act of the United States, 15 U.S.C. § 101, et seq., as well as the Lanham Act, 15 U.S.C. §1125(a), jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over SPI because, on information and belief, SPI is present, maintains its principal place of business, and has and is conducting business, and/or has conducted business in the Commonwealth of Pennsylvania and within this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c).

7. An actual case or controversy has arisen between the parties based on SPI's assertions that EMS unlawfully copied and used the HTML language and text from certain of SPI's website pages in violation of the Copyright Laws of the United States, and further asserted that EMS's alleged copying is likely to cause confusion amongst consumers, and otherwise constitutes unfair competition under the Lanham Act. On or about May 17, 2007, SPI filed a defective complaint for copyright infringement, federal unfair competition, and state unfair competition under the laws of the State of New York against EMS in the United States District

Court in the Southern District of New York ("the New York Complaint"). SPI has not served this Complaint upon EMS. A copy of the New York Complaint is attached as Exhibit A.

## FACTUAL BACKGROUND

### I. EMS Acquisition Corp., Inc.

8. EMS is a privately-held company focused on the manufacture, development, and distribution of chemicals, supplies and equipment for use in the microscopy, histology, and related fields.

9. In addition to products it manufactures itself, EMS sells thousands of products from third party manufacturers. These products include embedding resins, adhesives and other embedding materials for suspending specimens that are to be scanned by electron microscopes or viewed under conventional light microscopes, as well as machines designed for the cleaning, ashing, and etching of specimens.

10. EMS operates a website, www.emsdiasum.com/microscopy/default.aspx, in which it markets, promotes and advertises third party products sold by it. EMS provides information regarding these products on its websites, which are often verbatim reproductions of specifications and user information provided by the third party manufacturer itself. As this information is provided to further the sale of the third party manufacturers' products, EMS's use of this material is with the consent of such third party manufacturers.

### II. Structure Probe, Inc.

11. SPI has alleged in the New York Complaint that it is a manufacturer, retailer and distributor of analytical equipment and supplies.

12. Upon information and belief, SPI sells many of the same products as EMS.

13. SPI has also alleged in the New York Complaint that, like EMS, SPI markets, promotes and advertises these products on a website it operates, www.2spi.com. SPI provides

information on such products very similar to the information provided by EMS, including product specification data and user information.

### III. SPI's Claims of Ownership in Product Information

14. In the New York Complaint, SPI has alleged that it is the "creator" of "certain webpages, images, text and artwork" on its website.

15. SPI alleges in the New York Complaint that EMS copied several of its webpages. However, the only webpages identified by SPI as having been allegedly copied by EMS relate to product specifications and user information for nine products manufactured by third party manufacturers—1) LEIT-C-Plast Carbon Cement; 2) Plasma Prep II/EMS 1050 Plasma Asher; 3) BioBond Tissue Adhesive; 4) LR White resin; 5) LR Gold Resin; 6) SPI Diffraction Standars, TEM; 7) Tempfix Mounting Adhesive; 8) SIRA Calibration Specimen Set; and 9) Biomount Tissue Section Mounting Medium. *See* Ex. A.

16. The information that SPI claims was "copied" by EMS was in fact provided by the third party manufacturers themselves, or are nothing more than unoriginal or public domain facts and figures generally used to describe the characteristics of the products being sold by both EMS and SPI.

17. In fact, SPI does not claim copyright ownership in the vast majority of the product information webpages it claimed EMS "copied". Rather, SPI claims to own the copyright in only one such product information, the Plasma Prep II User's Manual. *See* pars 15-22, Ex. A.

18. However, upon information and belief, EMS believes that discovery will reveal that SPI's "Plasma Prep II User's Manual" is in fact itself a mere copy of a twelve year old user's manual created by March Instruments, Inc. for the "Emitech K1050X Plasma Asher Instruction Manual."

19. Accordingly, SPI's registration with the Copyright Office of the United States is false and misleading, as it claims ownership in a work that SPI did not itself author.

## COUNT I

### Invalidity of Copyright

20. EMS incorporates by reference the allegations contained in the paragraphs above as if same were more fully set forth herein.

21. SPI claims to be the owner of a copyright in the work entitled "Plasma Prep II User's Manual." However, the "Plasma Prep II User's Manual" is in fact a mere copy of the manual created by March Instruments, Inc., such that the "Plasma Prep II User's Manual" is not an original work subject to copyright protection, and SPI is not the author thereof.

22. In view of the foregoing, the Court should order that SPI's copyright in the "Plasma Prep II User's Manual" is invalid.

23. An actual, present and justiciable controversy has arisen between EMS and SPI concerning EMS's posting of information regarding the EMS 1050 Plasma Asher on EMS's website, as SPI claims this posting infringes SPI's copyright in the "Plasma Prep II User's Manual."

24. EMS seeks a declaratory judgment from this Court that SPI's claimed copyright in the "Plasma Prep II User's Manual" is invalid.

## COUNT II

### Declaratory Judgment of Non Infringement of Copyright, 15 U.S.C. § 101 et. seq.

25. EMS incorporates by reference the allegations contained in the paragraphs above as if same were more fully set forth herein.

26. SPI has claimed that EMS has infringed its copyright in the "Plasma Prep II User's Manual" by virtue of EMS's posting of information regarding the EMS 1050 Plasma Asher on EMS's website.

27. An actual, present and justiciable controversy has arisen between EMS and SPI concerning EMS's posting of information regarding the EMS 1050 Plasma Asher on EMS's website.

28. EMS does not violate SPI's alleged rights under the Copyright Laws, or any other federal or state, statue, or common laws.

29. SPI has suffered no damages as a result of EMS's alleged violations.

30. EMS seeks a declaratory judgment from this Court that its posting of information regarding the EMS 1050 Plasma Asher on EMS's website does not violate any copyright owned by SPI, constitutes "fair use" of such copyrighted material, and otherwise does not infringe any copyright owned by SPI.

## COUNT III

### Declaration of Non-Violation of the Lanham Act, 15 U.S.C. §1125(a)

31. EMS incorporates by reference the allegations contained in the paragraphs above as if same were more fully set forth herein.

32. SPI has claimed that inclusion by EMS of embedded website links from EMS's website to SPI's website, which have since been removed, are likely to cause confusion among consumers that SPI and EMS are somehow affiliated. *See* par 25, Ex. A.

33. SPI has also claimed that EMS's use of product information on its website constitutes false advertising under the Lanham Act. *Id.*

34. The inclusion by EMS of an link to SPI's website was temporary and inadvertent, caused no actual confusion among consumers, and was never likely to cause any confusion.

35. Moreover, the product information included by EMS regarding the products sold by both EMS and SPI was not copied from SPI, was objectively true, and does not otherwise constitute false advertising under the Lanham Act.

36. Moreover, SPI has suffered no damages as a result of EMS's allegedly wrongful conduct.

37. Moreover, SPI's Lanham Act claim is preempted by the Copyright Act.

## COUNT IV

### Declaration of Non-Violation of New York State Law

38. EMS incorporates by reference the allegations contained in the paragraphs above as if same were more fully set forth herein.

39. SPI has claimed that EMS violated New York State common law and New York Gen.Bus.Law §§ 349 and 350 by copying SPI's webpages.

40. Neither EMS nor SPI are located in New York, none of the acts of which SPI complains originated in New York or had meaningful effects in New York, and EMS has not otherwise availed itself of the laws of the State of New York.

41. Accordingly, New York does not apply to any of the conduct complained of by SPI.

42. The product information included by EMS regarding the products sold by both EMS and SPI was not copied from SPI, was objectively true, did not cause any actual confusion amongst consumers, and was never likely to cause any consumer confusion.

43. Moreover, SPI has suffered no damages as a result of EMS's allegedly wrongful conduct.

44. Moreover, SPI's Lanham Act claim is preempted by the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, EMS respectfully requests that the Court:

45. Enter judgment according to the declaratory relief sought;

46. Preliminarily and permanently enjoin SPI from asserting that EMS's use of product information on its webpage infringes any rights of SPI;

47. Declare that SPI is not the author or have any copyright in the work entitled "Plasma Prep II User's Manual".

48. Declare the copyright in the work entitled "Plasma Prep II User's Manual" to be invalid.

49. Declare that EMS's website pages do not violate any rights of SPI under the Copyright Act, the Lanham Act, or any state statutory or common law;

50. Declare that EMS's temporary inclusion of an SPI website link was not likely to cause confusion between EMS and SPI or to cause mistake, or to deceive as to the affiliation, connection, or association of EMS with SPI, or as to the origin, sponsorship or approval by SPI of EMS's products and services;

51. Declare that SPI's claims under the Lanham Act and state statutory and common law are preempted by the Copyright Act;

52. Declare that New York statutory and common law is inapplicable to any claim asserted by SPI.

53. Declare that SPI suffered no damages as a result of any conduct of EMS relating to EMS's website;

54. Award EMS its costs and expenses of this civil action together with reasonable attorneys' fees; and

55. Enter any other relief to which EMS is entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, EMS hereby demands a jury trial on all issues so triable.

Dated: July 27, 2007

WOODCOCK WASHBURN LLP
Steven J. Rocci
Chad A. Rutkowski
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Tel:   (215) 568-3100
Fax:   (215) 568-3439
**Attorneys for Plaintiff EMS Acquisition Corp.**