# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND............................................................................... 2

III.    Plaintiff's Count I Should Be Dismissed for Lack of Subject Matter Jurisdiction to
        the Extent It Alleges Infringement of Works Not Registered with the Copyright
        Office ............................................................................................................... 3

IV.     Plaintiff's Counts II and III are Preempted By the Copyright Act ..................... 4

        A.   General Preemption Principals ............................................................. 4

        B.   Plaintiff Must Plead Facts Sufficient to Establish a Plausible Cause of
             Action...................................................................................................... 6

        C.   The Lanham Act Should Not Be Extended to Supplement Rights Covered
             by the Copyright Act as Urged by Plaintiff, and Plaintiffs' Count II Should
             Accordingly Be Dismissed .................................................................... 7

        D.   Plaintiff's New York Unfair Competition Claim is Preempted By the
             Copyright Act, and Plaintiff's Count III Should Accordingly Be Dismissed......... 9

V.      Plaintiff's Count III Should Be Dismissed For the Independent Reason that New
        York Substantive Law Does Not Govern ....................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Apple Computer, Inc. v. Formula International, Inc.*,
    725 F.2d 521 (9th Cir. 1984) ..................................................................................8

*AroChem Intern. Inc. v. Buirkle*,
    968 F.2d 266 (2d Cir. 1992)...................................................................................8

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (U.S. 2007)...............................................................................6, 9

*Computer Associates International, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992)...............................................................................4, 9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003).............................................................................................5, 8

*Durham Industrial, Inc. v. Tomy Corp.*,
    630 F.2d 905 (2d Cir. 1980).....................................................................................9

*Harper & Row, Publishers, Inc. v. Nation Enterprises*,
    723 F.2d 195 (2d Cir. 1983), *rev'd on other grounds* 471 U.S. 359 (1985) .................4

*Krock v. Lipsay*,
    97 F.3d 640 (2d Cir. 1996)....................................................................................10

*M'Baye v. N.J. Sports Prod.*,
    2007 U.S. Dist. LEXIS 9101 (S.D.N.Y. 2007)........................................................10

*NBA v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997)....................................................................................8

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989)...................................................................................10

*Shaw v. Lindheim*,
    919 F.2d 1353 (9th Cir. 1990) ................................................................................6

*Walker v. Time Life Films, Inc.*,
    784 F.2d 44 (2d Cir. 1986).......................................................................................9

*Wall Data Inc. v. L.A. County Sheriff's Department*,
    447 F.3d 769 (9th Cir. 2006) ..................................................................................8

*Warner Brothers, Inc. v. American Broadcasting Cos.*,
   720 F.2d 231 (2d Cir. 1983)...................................................................................9

*Well-Made Toy Manufacturing Corp. v. Goffa International Corp.*,
   354 F.3d 112 (2d Cir. 2003)..................................................................................4

*Wrench LLC v. Taco Bell Corp.*,
   256 F.3d 446 (6th Cir. 2001) ................................................................................8

## FEDERAL STATUTES

17 U.S.C. § 101.........................................................................................................8

17 U.S.C.A. § 301(a) .................................................................................................4

Fed.R.Civ.P. 12(b)(6)................................................................................................6

Under 17 U.S.C. § 411(a) ..........................................................................................3

## MISCELLANEOUS

Melvin B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[D] [2] .....................8

New York Gen. Bus. Law §§ 349 and 350 ........................................................................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STRUCTURE PROBE INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**EMS ACQUISITION CORP. (D/B/A,<br>ELECTRON MICROSCOPY SCIENCES).**<br><br>Defendant. | Civil Action No. 07-CV-3893 (LBS)<br><br>**Judge Leonard B. Sand** |

MEMORANDUM OF LAW IN SUPPORT OF
EMS's MOTION TO DISMISS COUNT I (IN PART), COUNT II, AND COUNT III OF
PLAINTIFF'S COMPLAINT

I.      INTRODUCTION

This is a frivolous copyright case involving a few words on plaintiff's and defendant's websites that are the same, but that were not authored or created by plaintiff. The parties are both in the business of selling scientific supplies, including microscopes, and their websites contain hundreds of pages of descriptions of products they sell, products mostly manufactured by third parties who provided plaintiff and defendant with their descriptions of those products, which descriptions are then used by plaintiff and defendant on their respective websites.

Plaintiff Structure Probe Inc.'s ("SPI") complaint attempts to magnify the miniscule overlap between the websites into something discernible to the naked eye—using the rhetorical equivalent of one of the electron miscroscopes sold by the parties. But even at the motion to dismiss stage, that effort must fail:  the copyright claim is magnified by a factor of ten by referring to materials for which, upon careful inspection of the complaint, it is clear that not even SPI is claiming copyright ownership.  Thus, a majority of the copyright claim must be dismissed.

The two other claims—one for federal unfair competition under section 43(a) of the Lanham Act and one under New York's unfair competition statute—are both preempted by the Copyright Act, since the gravamen of SPI's complaint is that defendant copied allegedly protectible material from SPI's website. In addition, there is no basis for SPI to invoke the New York statute, given that both parties are Pennsylvania companies with all their operations in Pennsylvania, and SPI fails to allege anything that has happened in New York that could somehow trigger New York's unfair competition law. In sum, when the microscope is brought into focus, SPI's complaint contains much less than meets the eye.

## II.     FACTUAL BACKGROUND[1]

This is an action brought by SPI alleging copyright infringement by EMS, federal unfair competition under the Lanham Act, and unfair competition under New York common law and New York Gen. Bus. Law §§ 349 and 350. (Compl., attached as Exhibit A to the Affidavit of Raymond J. Dowd sworn to on September 20, 2007 ("Dowd Aff.")).

SPI is a Delaware corporation having a principal place of business located at 569 East Gay Street, West Chester, Pennsylvania.[2] (Compl. ¶ 2). EMS is a Pennsylvania corporation with its principal place of business at 1560 Industry Road, Hatfield, Pennsylvania. (Compl. ¶ 3).

SPI alleges that it is a manufacturer, retailer, and distributor of certain analytical equipment and supplies. It further alleges that it markets and advertises through its website. SPI also alleges that it is the "creator" of certain webpages, images, text, and artwork on its website, www.2spi.com. (Compl. ¶ 8). SPI alleges that it and EMS are competitors. (Compl. ¶ 9).

---

[1]     The following allegations are assumed to be true for purposes of this motion, but they are, in fact, for the most part denied.
[2]     West Chester, Pennsylvania is located west of Philadelphia in the Eastern District of Pennsylvania.

SPI alleges that EMS copied certain material from SPI's website.  Specifically, SPI alleges that certain portions of an SPI webpage concerned with a product called "LEIT-C-Plast" were copied by EMS, and that these portions contained source code containing a link to SPI's website.  (Compl. ¶ 11).  Exhibit C to the complaint purports to contain that source code.  Notably, *SPI does not claim to hold any copyright in the portions of the website containing information about LEIT-C-Plast.*  Although SPI alleges that EMS's website contained a link to SPI's, it does not allege whether that link was visible to any customer of either EMS or SPI.  Tellingly, SPI does not allege that even a single customer ever *used* the link to SPI's website that SPI claims was on EMS's website.  Moreover, SPI does not explain how it could possibly have been harmed by a link on EMS's website to SPI's, even if a customer viewing EMS's site happened to follow the link to SPI's site.

SPI also alleges that it is the "copyright owner" of something called the "SPI Plasma Prep II User's Manual."  (Compl. ¶ 16).  SPI then alleges that EMS copied portions of SPI's website containing information about the Plasma Asher.  SPI asks the reader to compare exhibits D with E, despite the fact that the exhibits bear little if any similarity.  (Compl. ¶ 12).

In paragraph 13 of the Complaint, SPI refers to alleged copying supposedly reflected in Exhibits F through L; here again, however, SPI does not allege that any of that material was registered with the Copyright Office and, indeed, SPI claims no copyright in the material reflected in Exhibits F through L.

## III.    Plaintiff's Count I Should Be Dismissed for Lack of Subject Matter Jurisdiction to the Extent It Alleges Infringement of Works Not Registered with the Copyright Office

Under 17 U.S.C. § 411(a), "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."  Without a registered copyright, the court has no subject matter

jurisdiction over the copyright infringement action.  *See, e.g., Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112, 115 (2d Cir. 2003).   SPI alleges that EMS copied ***nine*** different sections of SPI's website, and further alleges that EMS has violated its rights under the Copyright Act by copying "works," implying multiple "works."  (Compl. ¶¶ 11-13, 17).  However, SPI identifies only one actual registration, for the "SPI Plasma Prep™ II User's Manual, of which it claims to be the owner."  (Compl. ¶¶ 12, 16, Exhibit D).  SPI does not allege that it is the owner of any other copyright registrations.  To the extent that SPI is claiming that EMS is infringing SPI's rights under the Copyright Act for allegedly copying works that are not registered with the Copyright Office, SPI's claims should be dismissed for lack of subject matter jurisdiction. *See Well-Made*, 345 F.3d at 115.

**IV.     Plaintiff's Counts II and III are Preempted By the Copyright Act**

      **A.     General Preemption Principals**

In crafting the federal protections afforded to the owner of a copyright, Congress has been careful to design a statutory framework that "insure[s] that the enforcement of these rights remains solely within the federal domain . . . ."  *Computer Associates Int'l, Inc. v. Altai*, Inc., 982 F.2d 693, 716 (2d Cir. 1992).  Thus, section 301(a) of the Copyright Act expressly preempts

> [a]ll legal or equitable rights that are equivalent to any of the
> exclusive rights within the general scope of copyright as specified
> by section 106 in works of authorship that are fixed in a tangible
> medium of expression and come within the subject matter of
> copyright as specified by sections 102 and 103…

17 U.S.C.A. § 301(a).  This provision has been characterized as a "sweeping displacement of state law . . . ."  *Altai,* 982 F.2d at 716.  Thus, state law rights that "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights" provided by federal copyright law are preempted.  *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 200 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 359 (1985).

In order to determine whether the state law right is preempted, the Second Circuit employs an "extra element" test:

> If an "extra element" is "required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no preemption.

*Altai,* 982 F.2d at 716.

Moreover, although the Copyright Act does not expressly preempt claims brought under the Lanham Act, "courts have long limited application of the Lanham Act so as not to encroach on copyright interests." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[D] [2] at 1-83 (2005). Most notably, in *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23 (2003), the Supreme Court rejected an attempt to expand rights under section 43(a) of the Lanham Act to cover claims ordinarily covered by the Copyright Act. There, the plaintiff was the copyright owner of a book on which a television series had been based. The copyright in the television series expired, placing it in the public domain. A later company created a videotape from the public-domain television series and began selling the videotape commercially. The copyright owner of the book sued, claiming that consumers were likely to be confused as to the origin or source of the videotape. That is, the plaintiff in *Dastar* alleged that although the copyright in the television series had expired, consumers would nonetheless assume that the videotape had been produced by the copyright owners of the book upon which the television series had been based.

The Supreme Court rejected this theory, noting that to adopt plaintiff's theory "would create a species of mutant copyright law that limits the public's 'federal right to "copy and to use,"' expired copyrights." *Id.* at 34 (citations omitted). The Court noted that the

5

> rights of a patentee or copyright holder are part of a "carefully
> crafted bargain," under which, once the patent or copyright has
> expired, the public may use the invention or work at will and
> without attribution. Thus, in construing the Lanham Act, we have
> been "careful to caution against misuse or over-extension" of
> trademark and related protections into areas traditionally occupied
> by patent or copyright.

*Ibid* (citations omitted). Thus, courts decline to extend the reach of the Lanham Act when the

subject matter of the complaint is traditionally covered by the Copyright Act, or where the Act

"provides an adequate remedy." *Shaw v. Lindheim*, 919 F.2d 1353, 1365 (9th Cir. 1990).

**B.      Plaintiff Must Plead Facts Sufficient to Establish a Plausible Cause of
Action**

The purpose of a motion filed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim

upon which relief can be granted is "to test the legal sufficiency of the pleader's claims for relief;

therefore the motion admits, for purposes of the motion only, the factual allegations of the

pleading, but asserts that those allegations cannot support any claim for relief." 1 Moore's

Federal Rules Pamphlet § 12.4[5][a]. As recently articulated by the Supreme Court in *Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007),

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the  "grounds" of his "entitlement to relief" requires more
> than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do. Factual allegations must
> be enough to raise a right to relief above the speculative level, see
> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216,
> pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("The
> pleading must contain something more . . . than . . . a statement of
> facts that merely creates a suspicion [of] a legally cognizable right
> of action"), on the assumption that all the allegations in the
> complaint are true (even if doubtful in fact) . . . .

127 S. Ct. at 1964.  Where a plaintiff has not "nudged [its] claims across the line from

conceivable to plausible, [its] complaint must be dismissed." *Id.* at 1974.  Requiring the

pleading of sufficient factual material to create a plausible entitlement to relief protects both

defendants and the court itself: "So, when the allegations in a complaint, however true, could

not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point

of minimum expenditure of time and money by the parties and the court.'" *Id.* at 1965.

> ### C.   The Lanham Act Should Not Be Extended to Supplement Rights Covered by the Copyright Act as Urged by Plaintiff, and Plaintiffs' Count II Should Accordingly Be Dismissed

SPI's complaint alleges that it "is the creator of certain webpages, images, text, and

artwork" on a website that SPI uses to "market[], promote[] and advertise[] its products… ."

(Compl. ¶ 8).  SPI alleges that defendant EMS "has willfully and systematically copied and

continues to copy webpages and text from SPI Website, including Plaintiff's copyrighted

works." (Compl. ¶ 10).  Although SPI alleges that EMS "intentionally linked to the SPI Website

from Defendant's website and thereby created confusion," (Compl. ¶ 9), SPI later alleges that the

means through which such linkage occurred was that, "Defendant copied Plaintiff's HTML

source code, which is the computer code allowing browsers to display the SPI Website."

(Compl. ¶ 11).

SPI in its Count II for Federal Unfair Competition "incorporates herein by reference each

and every allegation contained in each paragraph above." (Compl. ¶ 23).  SPI then asserts that

EMS has violated §43(a) of the Lanham Act by creating a likelihood of confusion "by linking to

the SPI Website…," and "by embedding links to the SPI Website…." (Compl. ¶ 25).  In

addition, SPI makes oblique reference to a misimpression that consumers will be confused about

SPI's approval of "Defendant's use of Plaintiff's trade dress, trademarks, and website and/or that

Plaintiff is in some way affiliated with Defendant," although SPI nowhere describes any use by

EMS of SPI's trade dress, trademarks and/or website.  Finally, SPI claims that EMS has engaged

in unfair competition by failing "to disclose that it has copied substantial portions of the SPI

Website in the advertising of its products." (*Ibid.*).

These are precisely the kinds of "mutant" copyright claims that the Supreme Court expressly disapproved of in *Dastar*. Every factual predicate alleged by SPI as forming the basis of its unfair competition is an allegedly improper act of copying by EMA. The only description of conduct by EMS to be found in the Complaint is that EMS copied webpages and text from SPI's website, and EMS copied source code which led to links to SPI's website appearing on EMS's website. Indeed, SPI's copyright claim is based, at least in part, on the very alleged copying forming the basis for the federal unfair competition claim. Moreover, to the extent that SPI is claiming a copyright violation for EMS's alleged copying of source code, that, of course, is covered by the Copyright Act as well. 17 U.S.C. § 101. *See Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 776 (9th Cir. 2006) ("a computer program is copyrightable as a 'tangible medium of expression'" (quoting *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 524-25 (9th Cir. 1984))).

This is not to say that SPI has established any actual ownership rights in either its webpages or its source codes. Whether SPI has a sustainable claim, however, is immaterial to preemption analysis. What matters is whether the material at issue falls within the subject matter of copyright. *See Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001) (the scope of the Copyright Act's subject matter extends beyond the tangible expressions that can be protected under the Act to elements of expression which themselves cannot be protected); *NBA v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997) (holding that subject matter of copyright under § 301 includes "uncopyrightable" as well as "copyrightable" elements). Because the only acts of "unfair competition" alleged by SPI are in fact acts of copying of material for which plaintiff claims copyright protection (even if it is not entitled to such copyright protection), they fall under the purview of the Copyright Act and are therefore preempted.

The only remaining allegations of unfair competition are conclusory assertions that EMS "used" SPI's "trade dress, trademarks, and/or website." But these assertions are not supported anywhere in the Complaint by facts actually pled by SPI. No trade dress or trademark of SPI is actually identified in the Complaint, and nowhere is any "use" by EMS of such trade dress or trademark described. No "use" of SPI's website by EMS is described either, though even if it were it would be subject to the Copyright Act as argued above. Under the pleading requirements articulated by the Supreme Court in *Twombly*, factual allegations rather than mere conclusory allegations must be pled to "enter the realm of plausible liability." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1966, n. 5. SPI never pleads any facts that would suggest that it would be plausible that any customer of SPI's would somehow be confused by the link to SPI's own website, such that SPI could somehow be "harmed" by a link that, if anything, would benefit SPI by drawing customers away from EMS' site and towards SPI's site. None of this is explained; there is simply a complete absence of any facts underlying the Lanham Act claim—other than those alleging the same copying asserted in the Copyright Claim. Thus, SPI's Count II is at best a repackaging of its claim in Count I for copyright infringement, and should be dismissed.

### D.    Plaintiff's New York Unfair Competition Claim is Preempted By the Copyright Act, and Plaintiff's Count III Should Accordingly Be Dismissed

As noted above, the Second Circuit has repeatedly rejected attempts to repackage copyright claims as state law unfair competition claims. *See Altai*, Inc., 982 F.2d at 716; *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986); *Warner Bros., Inc. v. American Broadcasting Cos.*, 720 F.2d 231, 247 (2d Cir. 1983); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 919 & n. 15 (2d Cir. 1980). Thus, unfair competition claims fail the "extra element" test when they are "grounded solely in the copying of a plaintiff's protected expression...." *Computer Associates Int'l, Inc.*, 982 F.2d at 717.

Here, NY Gen. Bus. Laws § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," while section 350 prohibits the "[f]alse advertising in the conduct of any business, trade or commerce…." SPI claims that EMS violated these statutes by "copying Plaintiff's works, including webpages, and text from the SPI Website." Although there are several free-floating allegations about the "misappropriation of Plaintiff's skill, expenditures, and labor," the only actual conduct identified by SPI is the alleged copying by EMS. As noted above, the pleading standards set forth by *Twombly* require a good deal more than mere conclusory allegations, requiring identification of actual facts to create a plausible claim that can withstand a 12(b)(6) motion to dismiss. As it is clear that SPI's state unfair competition claim is "grounded solely in the copying of a plaintiff's protected expression," it is preempted by the Copyright Act and must be dismissed.

## V.    Plaintiff's Count III Should Be Dismissed For the Independent Reason that New York Substantive Law Does Not Govern

Even assuming that SPI's state unfair competition claim could somehow survive copyright preemption, it should nonetheless be dismissed because SPI has not pled any facts sufficient to demonstrate that New York statutory law is applicable to the instant action. "A federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989). To resolve choice-of-law issues in tort cases, New York applies an "interest analysis" to identify the state that has the "greatest interest" in the litigation. *See Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996). Generally, when a choice-of-law issue relates to laws regulating conduct, the location of the tort determines the applicable law. *See AroChem Intern. Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir. 1992); *M'Baye v. N.J. Sports Prod.*, 2007 U.S. Dist. LEXIS 9101 (S.D.N.Y. 2007) (Dowd Aff., Ex. B). This is because the "locus jurisdiction has the

predominant interest where rules regulating conduct are at issue, because of its interest in affecting the conduct of those who act within the jurisdiction and of a reliance interest on the part of the actors whose conduct is at issue." *AroChem Intern. Inc.* 968 F.2d at 270.

Here, both the actor and the supposed victim are Pennsylvania residents. The actual act of alleged copying occurred in Pennsylvania. Although SPI alleges that some of its customers are located in New York, such customers are not parties to this litigation. Moreover, there are no allegations that suggest that either SPI's or EMS's customers are more numerous in New York than in any other jurisdiction, much less that any persons in New York even saw any of the webpages at issue. As this case involves the use of a website, it is available to customers all over the United States, and SPI has not pled a single fact to suggest that the New York customers of either party have been more greatly effected by EMS's alleged copying than customers of any other jurisdiction. Because the conduct alleged occurred in Pennsylvania, and because the effect of that conduct affected a Pennsylvania resident, Pennsylvania and not New York law applies and Plaintiff's New York statutory causes of action should be dismissed.

Respectfully submitted,

Dated:   September 20, 2007

Raymond J. Dowd
Dunnington, Bartholow & Miller, LLP
477 Madison Avenue, 12th Floor
New York, NY 10022
Tel: (212) 682-8811
Fax: (212) 661-7769
Attorney for defendant
EMS Acquisition Corp.

11

Of Counsel:

David J. Wolfsohn
Steven J. Rocci
Chad A. Rutkowski
WOODCOCK WASHBURN LLP
2929 Arch Street
Philadelphia, PA  19104
Tel: 215-568-3100
Fax: 215-568-3439