**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STRUCTURE PROBE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EMS ACQUISITION CORP. (d/b/a, ELECTRON MICROSCOPY SCIENCES), <br><br> *Defendant*. | Case No. 07-CV-3893 (LBS) <br><br> **FILED ELECTRONICALLY** |

**PLAINTIFF SPI'S MEMORANDUM OF LAW IN OPPOSITION TO**
**EMS'S MOTION TO DISMISS COUNT I (IN PART), COUNT II,**
**AND COUNT III OF STRUCTURE PROBE, INC.'S COMPLAINT**

- i -

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS .....................................................................................................1

ARGUMENT..........................................................................................................................4

I.  The Legal Standard ...................................................................................................4

II. Copyright Is Not Disputed by EMS, and to the Extent SPI Owns
    Copyright Over Unregistered Works, It Is Entitled to Seek Injunctive
    Relief Against EMS ..................................................................................................5

III. SPI Pled Federal Unfair Competition .......................................................................6

IV. SPI Pled Misappropriation Under New York Unfair Competition...........................7

V.  SPI Pled Violations of New York General Business Law §§ 349 and 350 .............9

CONCLUSION.....................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*American Chain Co. v. Carr Chain Works, Inc.*, 252 N.Y.S. 860 (N.Y. Sup. Ct. 1931), *aff'd*, 156 N.Y.S.2d 996 (N.Y. App.Civ. 1st Dep't 1956) ...................................................................................................... 8

*Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp 1522 (S.D.N.Y. 1991) .................................................................................................................. 6

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ........................................................... 4, 5

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ............................................ 5, 6

*Colour & Design v. U.S. Vinyl Mfg. Corp.*, No. 04-8332, 2005 U.S. Dist LEXIS 10964 (S.D.N.Y. May 19, 2005) ............................................................. 9

*Courtenay Communs. Corp. v. Hall*, 334 F.3d 210 (2d Cir. 2003) ....................................... 4

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) ............................ 7

*Dior v. Milton*, 155 N.Y.S.2d 443 (N.Y. Sup. Ct. 1956) ...................................................... 8

*Electrolux Corp. v. Val-Worth, Inc.*, 161 N.E.2d 197 (N.Y. 1969) ....................................... 8

*Int'l New Serv. V. Associated Press*, 248 U.S. 215 (1918) ................................................... 7

*Inwood Labs. V. Ives Labs.*, 456 U.S. 844 (1982) ................................................................ 6

*Iqbal v. Hasty,* 490 F.3d 143 (2nd Cir. 200) ......................................................................... 4

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27 (2d Cir. 1995) ..................................................................................................... 7

*Lone Wolf McQuade Assocs. V. CBS*, 961 F.Supp. 587 (S.D.N.Y. 1997) .................................................................................................................. 8

*Maurizio v. Goldsmith*, 230 f.3d 518 (2d Cir. 2000) ..........................................................

*Microsoft Corp. v. AGA Solutions, Inc.*, No. 05-5796, 2007 U.S. Dist. LEXIS 19241 (E.D.N.Y. Mar. 12, 2007) ......................................................... 7

*NetTech Solutions, L.L.C. v. ZipPark.com*, No. 01-2683, 2001 U.S. Dist. LEXIS 14753 (S.D.N.Y. Sept. 20, 2001) .................................................................................................................................. 9

*Noble v. Great Brands of Eur.*, 949 F. Supp. 183 (S.D.N.Y. 1996) ..................................... 7

*Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994)...................................................5

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985).............................................6

*Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005) ........................................................9

*Ronson Art Metal Works, Inc. v. Gibson Lighter Mfg. Co.*
   159 N.Y.S.2d 606 (N.Y. App. Div. 1st Dep't 1957) ...................................................................8

*Ruder & Film, Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663
   (N.Y. 1981) ..................................................................................................................................7

*Samara Bros., Inc. v. Wal-Mart Stores, Inc.*, 165 F.3d 120
   (2d Cir. 1998), *rev'd on other grounds*, 529 U.S. 205
   (2000)......................................................................................................................................9, 10

*Small v. Lorrillard Tovacco Co.*, 176 Misc. 2d 413 (N.Y. Sup. Ct.
   1997), *rev'd on other grounds*, 252 A.D.2d 1 (N.Y. App. Div.
   1998) ............................................................................................................................................9

*Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.*,
   380 F.3d 126 (2d Cir. 2002)........................................................................................................4

*S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp.*, 84 F.3d 629
   (2d Cir. 1996)..............................................................................................................................9

*Warner Bros. Inc. v. Am. Broad. Cos., Inc.*, 720 F.2d 231
   (2d Cir. 1983)..............................................................................................................................8

**STATUTES**

15 U.S.C. § 1125(a)(1)(B) ...............................................................................................................6

17 U.S.C. § 408(a) ...........................................................................................................................5

N.Y. Gen. Bus. Law § 349......................................................................................................9, 10

N.Y. Gen. Bus. Law § 350.............................................................................................................9

## INTRODUCTION

EMS and SPI are long-time competitors, both selling, *inter alia*, microscopy products. EMS does not dispute that it went to SPI's website, ignored the copyright notice on each page of SPI's website, and began stealing the text (and source code) related to certain products, and copying the identical text onto its own website for similar products also sold by EMS. EMS has even admitted that this misappropriation was orchestrated by a former clerical employee. EMS is not apologetic for its conduct. Instead, EMS simply insists that, under the law, it was allowed to steal its major competitor's labor, business, reputation, and goodwill, including webpages containing proprietary and copyrighted material, and that it was allowed to make its own website look like SPI's website.

## STATEMENT OF FACTS

SPI is a Delaware corporation that manufactures, retails, and distributes laboratory supplies, accessories, and equipment related to microscopy and microanalysis, *e.g.*, membrane window grids for scanning electron microscopes. *See* Complaint at ¶ 2, 8. Through its website, SPI markets, promotes, advertises, and sells its products throughout the United States, including New York. *Id*. To advertise and provide information concerning its products, SPI invests substantial labor and incurs substantial costs in creating and maintaining webpages (www.2spi.com) to showcase each its products. *Id*. These webpages contain original images, text, and artwork which enjoy copyright protection. *Id*.

EMS is a direct competitor of SPI—selling many of the same products as SPI—and has over 100 customers in New York. Recently, SPI discovered that EMS had gone to SPI's website and copied wholesale the text, HTML source code, and images of certain webpages, and inserted

that content into EMS's own webpages. *Id*. at ¶ 9-11. SPI noticed that it was receiving Internet traffic directly from EMS's website. Upon looking at EMS's website, SPI discovered that EMS had copied certain pages onto its own website, and those pages still contained SPI's links to other SPI webpages. Upon further investigation, SPI discovered that EMS systematically copied numerous SPI webpages on its own website, www.emsdiasum.com ("EMS website").

On May 17, 2007, SPI filed its complaint against EMS seeking damages and injunctive relief, asserting essentially three counts: (1) copyright infringement, (2) federal unfair competition, and (3) state unfair competition under the laws of the State of New York.

First, SPI is the author of a product user manual developed by SPI, and SPI is the owner of the certificate of copyright registration for TX 6-566-559 titled "Plasma Prep II User's Manual," registered April 22, 2007. *Id*. at ¶ 12. EMS does not deny willfully copying SPI's work, distributing SPI's work, and publishing SPI's work. EMS does not deny violating the Copyright Act. These allegations are pled clearly and concisely in SPI's complaint. *Id.* at ¶¶ 8, 10, 12, 15-22. Indeed, EMS does not move to dismiss this count of SPI's complaint.

Second, SPI is the owner of the distinctive trade dress for its webpages. *Id.* at ¶ 25. EMS, by copying SPI's webpages, and promoting products using SPI's trade dress, creates the false and misleading impression that SPI endorses or sponsors EMS, and also creates confusion as to the source of the products. EMS even went so far as to have embedded links in its website directly link to other SPI webpages, falsely representing an affiliation with SPI. These allegations are pled concisely in SPI's complaint (*see* Complaint at ¶¶ 8-9, 11-13, 23-28), and are not disputed by EMS. EMS simply contends that its conduct does not rise to the level of federal unfair competition under the Lanham Act.

Third, EMS misappropriated in bad faith the skill, expenditures, and labor of SPI in creating webpages, images, text, and artwork on SPI's website to showcase products, and passed off the misappropriated material as its own. These allegations are pled concisely in SPI's complaint. *See* Complaint at ¶¶ 8, 29-32. Again, EMS does not dispute that it stole SPI's skill, expenditures, and labor; rather, EMS contends that it was entitled to steal its competitor's skill, expenditures, and labor.

Immediately after filing its complaint, SPI contacted EMS and demanded that EMS take down certain webpages and requested information to help determine the extent of EMS's theft. In the hope of resolving the dispute without litigation, SPI did not initially serve the complaint, waiting to determine whether EMS would cooperate. On July 27, 2007, fully aware of SPI's pending action in New York, EMS filed a retaliatory and purely tactical complaint in the U.S. District Court for the Eastern District of Pennsylvania, *EMS Acquisition Corp. v. Structure Probe Inc.*, Civil Action 07-3084.[1] On July 30, 2007, SPI served its complaint on EMS. As the parties discussed settlement, SPI and EMS stipulated to an extension of time for EMS to answer or otherwise respond to SPI's complaint until September 20, 2007. On September 20, EMS filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

---

1   In EMS's complaint, it sought a declaratory judgment mirroring identically SPI's claims in the New York Action, namely, that its conduct did not constitute a violation of U.S. copyright law, did not violate the Lanham Act, and did not violate New York state statutory and common law.

2   This responsive brief is timely. EMS filed its motion on September 20, 2007 and under Local Rule 6.1(b)(2), SPI's opposition was due 10 business days thereafter. Local Rule 6.4 applies Federal Rule of Civil Procedure 6(a) and 6(e). FED. R. CIV. P. 6(a) states "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays [which includes Columbus Day] shall be excluded in the computation." This would put the response deadline at October 4, 2007. However, 3 additional days are added because EMS served its papers by electronic means. FED. R. CIV. P. 6(e) provides that "3 days are added after the period would otherwise expire under subdivision (a)," whenever the service is made by electronic means, including service "through the court's transmission facilities." *See* (continued…)

**ARGUMENT**

EMS does not dispute that SPI has properly pled copyright infringement with regard to SPI Plasma Prep™ II User's Manual, a work that is registered with the U.S. Copyright Office. Instead, EMS's motion to dismiss focuses primarily on Count II (unfair competition under the Lanham Act) and Count III (New York unfair competition). EMS's chief argument is that SPI's claims of false designation of origin and misappropriation under New York unfair competition are preempted by the Copyright Act. For the purpose of EMS's motion, the issue is solely one of pleading: Does SPI's complaint contain a short and plain statement of claims showing that SPI is entitled to relief under the Lanham Act and New York unfair competition law? The allegations of SPI's complaint are clear and simple. EMS copied SPI's copyrighted webpages, misappropriated SPI's skill, expenditures, and labor, and passed itself off as affiliated with, endorsed by, or sponsored SPI. EMS's motion should be denied.

**I.    The Legal Standard**

The Supreme Court and the Second Circuit hold that the simplified pleading standard of Rule 8(a) requires *only* that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) (internal quotations omitted); *Iqbal v. Hasty*, 490 F.3d 143, 153 (2d Cir. 2007); *Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.,* 380 F.3d 126 (2d Cir. 2004) (reversing the lower court's dismissal of Lanham Act claims); *Courtenay Communs. Corp. v. Hall*, 334 F.3d 210, 211 (2d Cir. 2003) (reversing the district court's dismissal of various Section

---

FED. R. CIV. P. 5(b)(2)(D). Adding 3 days to October 4 is Sunday, October 7. Because Monday, October 8 was Columbus Day, a federal holiday, the proper response deadline is Tuesday, October 9, 2007.

43(a) claims); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (reversing the district court's dismissal of a Section 43(a) claim).[3]

For EMS to prevail, EMS must show that SPI's complaint fails to state factual allegations sufficient "to raise a right to relief above the speculative level, …on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S. Ct. at 1965. In deciding on EMS's motion to dismiss, the Court should construe the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in SPI's favor. *Chambers*, 282 F.3d at 152–3.

## II. Copyright Is Not Disputed by EMS, and to the Extent SPI Owns Copyright Over Unregistered Works, It Is Entitled to Seek Injunctive Relief Against EMS

EMS does not dispute that SPI has properly pled copyright infringement with regard to at least SPI's Plasma Prep™ II User's Manual, a work that is registered with the U.S. Copyright Office. Even if EMS's motion is granted, SPI's copyright claim will remain in the suit.

EMS argues that to the extent SPI alleges copyright infringement of unregistered works, such claims should be dismissed. Although copyright registration is required for statutory damages, attorneys fees, and federal jurisdiction, it is not a prerequisite for copyright protection. 17 U.S.C. § 408(a) ("registration is not a condition of copyright protection"). Once a federal court establishes subject matter jurisdiction—which is not being disputed by EMS here—the court may order remedies such as seizure or injunction as permitted by statute, without reference to whether the precise items seized or enjoined are covered by a registration certificate. *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (reversing the district court's

---

[3] A complaint is evaluated under a "plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal*, 490 F.3d at 156–58. The Second Circuit has declined to interpret the recent Supreme Court decision in *Bell Atlantic* to require a new heightened pleading standard. *Id*.

dismissal of copyright claims for unregistered works, the court held: "The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action."). SPI is entitled to injunctive relief against EMS, enjoining EMS from copying its original works of authorship, even for works for which SPI has not yet obtained a formal registration. *See*, *e.g.*, *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1542 (S.D.N.Y. 1991) (enjoining defendant against all future copying, even for unregistered works).

### III.    SPI Pled Federal Unfair Competition

Federal unfair competition law under Section 43(a) of the Lanham Act serves to protect consumers from confusion as to the origin of a product or service, and to protect individual trade dress owners from the misappropriation of their goodwill. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198 (1985); *Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 855 n.14 (1982). Section 43(a) is a broad provision whose purpose is to prevent consumer confusion as to the source or sponsorship of a product. *Chambers*, 282 F.3d at 155.

EMS has passed itself off as SPI—at least with regard to certain products. In its commercial advertising on EMS's website, EMS displayed SPI's distinctive trade dress for various webpages on EMS's website, misleading consumers to believe that SPI endorsed, sponsored, or was affiliated with, EMS. *See* Complaint at ¶¶ 25, 26. EMS went so far as to include links on webpages directly to SPI's website so that consumers would believe that SPI was actually the source of the products offered through EMS's webpages. *Id.* at ¶¶ 8–9, 11–13, 23–28. Thus, in connection with EMS's commercial activities, and in commercial advertising, EMS used a false and misleading description and representation of fact, *i.e.*, that SPI endorsed EMS. 15 U.S.C. § 1125(a)(1)(B) (2000). Regardless of whether EMS copied SPI's material or

simply tried to match SPI's look and feel, the crux of the claim is that EMS's actions misled and confused consumers.

EMS's main argument is that it should be allowed to put SPI's trade dress, SPI's webpages, and SPI's general look and feel onto EMS's website, and that EMS should be allowed to embed links to SPI's website to suggest that EMS's services and products are endorsed by SPI, based on its technical argument that the Copyright Act preempts federal unfair competition law. But passing off is not preempted by the Copyright Act. *See Microsoft Corp. v. AGA Solutions, Inc.,* No. 05-5796, 2007 U.S. Dist. LEXIS 19241, at *18 (E.D.N.Y. Mar. 12, 2007) (declining to dismiss plaintiff's Section 43(a) claim as duplicative of the copyright claim) (Ex. 1).[4] The case of *Dastar Corp. v. Twentieth Century Fox Film Corp.,* upon which EMS relies, is inapposite. 539 U.S. 23 (2003). In *Dastar*, the plaintiff's copyright protection over a television series expired, and thus, it sought to extend its copyright monopoly via the Lanham Act. *Id.* at 33–34. SPI's Lanham Act claim, however, is based on EMS's false indication of SPI's sponsorship, origin, and/or endorsement of EMS's website.

## IV.   SPI Pled Misappropriation Under New York Unfair Competition

New York unfair competition prohibits the misappropriation of another's business "organization [or its] expenditure of labor, skill, and money." *Ruder & Finn, Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 671 (N.Y. 1981) (quoting *Int'l News Serv. v. Associated Press*, 248 U.S. 215, 239 (1918)); *see also Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995); *Noble v. Great Brands of Eur.,* 949 F. Supp. 183, 188 (S.D.N.Y. 1996).

---

[4]   Exhibits in this brief refer to exhibits attached to the Declaration of Michael J. Freno in Opposition to EMS's Motion to Dismiss.

>Unfair competition is a form of unlawful business injury…. The incalculable variety of illegal commercial practices denominated as unfair competition is proportionate to the unlimited ingenuity that overreaching entrepreneurs and trade pirates put to use.

*Electrolux Corp. v. Val-Worth, Inc.*, 161 N.E.2d 197, 204 (1969) (quoting *Ronson Art Metal Works, Inc. v. Gibson Lighter Mfg. Co.*, 159 N.Y.S.2d 606, 609 (N.Y. App. Div. 1st Dep't 1957)); *American Chain Co. v. Carr Chain Works, Inc.*, 252 N.Y.S. 860, 865 (N.Y. Sup. Ct. 1931) ("The law of unfair competition … is the necessary creation of intensive business rivalry which often incites unfair methods."); *Dior v. Milton*, 155 N.Y.S.2d 443 (N.Y. Sup. Ct. 1956) (declining to dismiss complaint seeking to enjoin copying of fashion designs on misappropriation theory), *aff'd*, 156 N.Y.S.2d 996 (N.Y. App. Div. 1st Dep't 1956).  SPI's complaint alleges that EMS has intentionally and in bad faith linked to SPI's website, and engaged in misappropriation of SPI's skill, expenditures, and labor, thereby *inter alia*, passing itself off as affiliated with, sponsored by, or endorsed by SPI.  Complaint at ¶¶ 9 ("created confusion as to a possible affiliation with Plaintiff"), 30, 31 ("Defendant's conduct is likely to cause confusion or to deceive purchasers as to the origins of the products for which Defendant has copied Plaintiff's works.").

     EMS does not deny that SPI's complaint alleges misappropriation and passing off under New York common law.  EMS Br. at 10.  Instead, EMS contends that New York unfair competition law is preempted by the Copyright Act.  But this Court has held that state law unfair competition claims that allege the tort of "passing off" one's goods or services as those of another or creating confusion as to the source of goods is not preempted because it does not entail the assertion of rights equivalent to those protected by federal copyright law.  *See Lone Wolf McQuade Assocs. v. CBS*, 961 F. Supp. 587, 598–99 (S.D.N.Y. 1997) (citing *Warner Bros. Inc. v. Am. Broad. Cos., Inc.*, 720 F.2d 231, 247 (2d Cir. 1983)).  Put another way, "actual

- 8 -

confusion" as to source constitutes an "extra element."  *Samara Bros., Inc. v. Wal-Mart Stores, Inc.*, 165 F.3d 120, 131–32 (2d Cir. 1998), *rev'd on other grounds*, 529 U.S. 205 (2000); *Colour & Design v. U.S. Vinyl Mfg. Corp.*, No. 04-8332, 2005 U.S. Dist. LEXIS 10964, at *17–18 (S.D.N.Y. May 19, 2005) (denying dismissal of state unfair competition claims) (Ex. 2); *NetTech Solutions, L.L.C. v. ZipPark.com*, No. 01-2683, 2001 U.S. Dist. LEXIS 14753, at *24–25 (S.D.N.Y. Sept. 20, 2001) (Ex. 3).[5]

## V.   SPI Pled Violations of New York General Business Law §§ 349 and 350

The complaint alleges that EMS has intentionally and in bad faith linked to SPI's website, and has engaged in misappropriation of SPI's skill, expenditures, and labor, by *inter alia*, copying Plaintiff's works.  Complaint at ¶¶ 9, 30, 31.  SPI has further alleged that the copying of the trade dress of SPI's webpage is likely to cause confusion and that the consumers are harmed as a result.  *Id*.  Section 350 proscribes false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in New York.  N.Y. Gen. Bus. Law § 350; *see*, *e.g.*, *Small v. Lorillard Tovacco Co.*, 176 Misc. 2d 413, 424 (N.Y. Sup. Ct. 1997), *rev'd on other grounds*, 252 A.D.2d 1 (N.Y. App. Div. 1998).  Section 349 proscribes deceptive acts or practices.  N.Y. Gen. Bus. Law § 349.  *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (vacating an order dismissing a § 349 claim); *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000); *see also S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp.*, 84 F.3d 629, 636 (2d Cir. 1996).  EMS's primary challenge to these claims is that, again, they are preempted by the Copyright Act.  Section 350 requires reliance and false advertising, an element

---

[5]   EMS also argues that New York law should not apply.  But SPI alleged that EMS engages in business in the State of New York and in this District, including engaging in the sale, and the advertisement of the products accused herein.  *See* Complaint at ¶¶ 6-7.  Indeed, EMS admits to having over 100 customers in New York, and to soliciting business throughout the entire country, including New York, through its website.

- 9 -

not found in a copyright claim.  Section 349 requires an extra element of intentional deception.  *See Samara Bros.,* 165 F.3d at 131.

## **CONCLUSION**

      For the foregoing reasons, SPI respectfully requests that this Court deny EMS's motion to dismiss the counts in this action.  SPI primarily seeks assurances from EMS that its misappropriation has been stopped, seeks disclosure of the extent of the copying (as each party sells thousands of unique products and each party's respective websites contain thousands of unique webpages showcasing these products), and seeks damages resulting from EMS's illegal conduct, and its attorneys fees.  To the extent that this Court finds that any deficiency in SPI's complaint could be cured by an amendment, SPI respectfully requests an opportunity to amendment its complaint pursuant to FED. R. CIV. P. 15(a).

Date: October 9, 2007                            KENYON & KENYON LLP

                                                           s/  Michael J. Freno
                                          Joseph F. Nicholson (7307)
                                          Michael J. Freno (6969)
                                          One Broadway
                                          New York, New York 10004
                                          Tel: 212-425-7200
                                          Fax: 212-425-5288

                                          *Counsel for Plaintiff Structure Probe, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2007, I electronically filed the foregoing, along with the Declaration of Michael J. Freno in Opposition to EMS's Motion to Dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Raymond J. Dowd
Dunnington, Bartholow & Miller LLP
477 Madison Avenue, 12th Floor
New York, New York 10022
(212) 682-8811
(212) 661-7769 (fax)

*Attorney for Defendant EMS Acquisition Corp..*

                                                s/ Michael J. Freno