UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRUCTURE PROBE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EMS ACQUISITION CORP. (d/b/a, ELECTRON MICROSCOPY SCIENCES), <br><br> *Defendant*. | Case No. 07-CV-3893 (LBS) <br><br> **FILED ELECTRONICALLY** |

**PLAINTIFF SPI'S MEMORANDUM OF LAW IN OPPOSITION TO
EMS'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
<u>IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

I.  THIS COURT HAS PERSONAL JURISDICTION OVER EMS
    AND VENUE IS PROPER..........................................................................................2

    A.  EMS's Admitted Marketing and Sales into New York
        Subject It to the Personal Jurisdiction of This Court ...............................2

    B.  Venue is Proper Because EMS Conducts Substantial
        Business Here.............................................................................................3

II. TRANSFER IS INAPPROPRIATE AS SPI'S ACTION WAS
    FIRST-FILED AND THERE IS NO REASON TO MOVE THE
    CASE TO A NEIGHBORING COURT......................................................................4

    A.  Procedural History ...................................................................................5

    B.  Significant Weight is Accorded to SPI's Choice of Forum....................5

    C.  Convenience of the Witnesses and the Parties.........................................6

    D.  Location of Relevant Documents..............................................................7

    E.  Locus of Operative Facts ...........................................................................7

    F.  Availability of Process to Compel the Attendance of
        Unwilling Witnesses ..................................................................................8

    G.  This Court Has Superior Familiarity with the Governing
        Law .............................................................................................................8

    H.  Trial Efficiency and the Interest of Justice ..............................................8

CONCLUSION....................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
    860 F. Supp. 128 (S.D.N.Y. 1994) ...............................................................................5, 6

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653
    (S.D.N.Y. 1998) ..................................................................................................................6

*Charter One Auto Finance Corp. v. National Vehicle
    Imports, LLC*, No. 04-6099, 2005 WL 2886006
    (W.D.N.Y. Sep. 16, 2005) ..................................................................................................7

*City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991) ...............................................5, 6

*Columbia Pictures Indus. v. Schneider*, 435 F. Supp. 742
    (S.D.N.Y. 1997) ..................................................................................................................6

*In re Cuyahoga Equi. Corp.*, 980 F.2d 110 (2d Cir. 1992) ...............................................................6

*Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978) .....................................................9

*Fed. Inc. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347
    (S.D.N.Y. 1992) ..................................................................................................................9

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353 (2d Cir. 2005) ............................................................4

*Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955
    (S.D.N.Y. 1995) ..................................................................................................................6

*Leig Hoegh & Co. v. Alpha Motor Ways, Inc.*,
    534 F. Supp. 624 (S.D.N.Y. 1982) ..................................................................................7, 8

*Mattel, Inc. v. Adventure Apparel*, No. 00-4085, 2001 WL
    286728 (S.D.N.Y. Mar. 22, 2001) .....................................................................................3

*McGowan v. Smith*, 419 N.E.2d 321 (N.Y. 1981) ..........................................................................3

*Neufeld v. Neufeld*, 910 F. Supp. 977 (S.D.N.Y. 1996) ..................................................................4

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006) ..........................................................................................2, 3

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88
    (2d Cir. 2000) .....................................................................................................................2

*Zangiacomi v. Saunders*, 714 F. Supp. 658 (S.D.N.Y. 1989) ....................................................6, 8

**STATUTES**

28 U.S.C. § 1391(b) ................................................................................................................. 3, 4

28 U.S.C. § 1400(a) ....................................................................................................................4

N.Y. C.P.L.R. § 302 ....................................................................................................................3

N.Y. Gen. Bus. Law § 349 ..........................................................................................................5

N.Y. Gen. Bus. Law § 350 ..........................................................................................................5

**OTHER**

Fed. R. Civ. P. 5(b)(2)(D) ......................................................................................................1 n.1

Fed. R. Civ. P. 6(a) ................................................................................................................1 n.1

Fed. R. Civ. P. 6(e) ................................................................................................................1 n.1

Fed. R. Civ. P. 45(C)(3)(A)(ii) ....................................................................................................8

S.D.N.Y. R. 6.1(b)(2) .............................................................................................................1 n.1

S.D.N.Y. R. 6.4 ......................................................................................................................1 n.1

**INTRODUCTION**

This Court's personal jurisdiction over defendant EMS is a non-issue—EMS admits that it has over 100 customers in the State of New York. Venue is proper for the same reason. EMS's alternative motion to transfer this action to the Eastern District of Pennsylvania also fails because there is no reason whatsoever to disturb plaintiff SPI's first-filed choice of forum.

**ARGUMENT**

EMS is forum shopping. When SPI discovered that EMS had copied large portions of its copyright protected website and passed the content off as its own, SPI sued EMS, filing a complaint in the Southern District of New York on May 17, 2007, raising counts of copyright infringement, unfair competition, and state law misappropriation. After SPI informed EMS of this action, EMS filed a retaliatory action on July 27, 2007 in the District Court for the Eastern District of Pennsylvania, seeking a declaratory judgment to negate SPI's claims in this action. EMS's lawsuit is a purely tactical maneuver designed to skirt Plaintiff's choice of forum, where both parties conduct substantial business.[1]

---

[1]     This responsive brief is timely. EMS filed its motion on September 20, 2007 and under Local Rule 6.1(b)(2), SPI's opposition was due 10 business days thereafter. S.D.N.Y. R. 6.1(b)(2). Local Rule 6.4 applies Federal Rule of Civil Procedure 6(a) and 6(e). S.D.N.Y. R. 6.4. Federal Rule of Civil Procedure 6(a) states "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays [which includes Columbus Day] shall be excluded in the computation." This would put the response deadline at October 4, 2007. However, 3 additional days are added because EMS served its papers by electronic means. Federal Rule of Civil Procedure 6(e) provides that "3 days are added after the period would otherwise expire under subdivision (a)," whenever the service is made by electronic means, including service "through the court's transmission facilities." *See* Fed. R. Civ. (continued…)

I.    THIS COURT HAS PERSONAL JURISDICTION
      OVER EMS AND VENUE IS PROPER

   A.   EMS's Admitted Marketing and Sales into New York
        Subject It to the Personal Jurisdiction of This Court

EMS admits to continuous and systematic marketing and sales into New York and, as such, cannot evade the jurisdiction of this Court.  Under New York law, a non-domiciliary corporation is subject to general personal jurisdiction if it is "doing business" in New York.  *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000).  A corporation is "doing business" in New York if it does business "with a fair measure of permanence and continuity."  *Id.* (internal quotations omitted).  New York's long arm statute, N.Y. C.P.L.R. § 302 specifically provides for jurisdiction over non-domiciled defendants.  *See*, *e.g.*, *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).  EMS does not deny that it is doing regular and continuous business in New York.  Indeed, EMS admits that it has 100 to 150 customers in New York.  EMS Br. at 15.  EMS's claim that it has not "purposefully established minimum contacts with New York" is disingenuous.  Would EMS have this Court believe that it accidentally shipped hundreds of products into New York?  As such, EMS unquestionably is subject to this Court's jurisdiction.

The crux of EMS's argument seems to be that, while it admittedly has over 100 customers in New York, it has more customers elsewhere, so it is not subject to personal jurisdiction.  *See* EMS Br. at 15.  Of course, EMS does not provide any case law or other support for this contention, and there is none.  Under EMS's theory, a company with a million customers

---

P. 5(b)(2)(D).  Adding 3 days to October 4 is Sunday, October 7.  Because Monday, October 8 was Columbus Day, a federal holiday, the proper response deadline is Tuesday, October 9, 2007.

- 2 -

in New York would not be subject to jurisdiction here as long as it had more customers in other states. The jurisdictional standard is not based on a company's relative geographic sales.

Another basis for personal jurisdiction is EMS's interactive website from which New York residents can review EMS's marketing materials and order products for delivery from EMS into New York. This type of Internet marketing and sales activity subjects the website owner to personal jurisdiction in New York. *See*, *e.g.*, *Mattel, Inc. v. Adventure Apparel*, No. 00-4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) (Ex. 1) (holding commercial transaction through a website by a New York resident and shipment of the merchandize into New York were activities sufficient to bring the defendant into the category of a defendant "transact[ing] any business," via the Internet in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1)).[2]

Finally, EMS's wrongful acts have a significant nexus to the State of New York. The website at issue, on which EMS published large portions of material copied from SPI's website and on which EMS linked its website to SPI's website, was accessible by New York residents and presumably used by New York residents to order products which EMS then shipped into New York. Thus, SPI's claims arise from EMS's business activity within the state. *See* N.Y. C.P.L.R. § 302(a)(1); *see also Sole Resort*, 450 F.3d at 103 (citing *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981) (courts generally find a nexus between the business transacted and the cause of action unless there is merely a tangential relationship between them)).

> **B.    Venue is Proper Because EMS Conducts Substantial Business Here**

As EMS unquestionably is subject to the personal jurisdiction of this Court, EMS "resides" in this district and, as such, venue is proper under 28 U.S.C. §§ 1391(b)(1), 1391(b)(3)

---

[2]    Exhibits in this brief refer to the exhibits in the Declaration of Michael J. Freno in Support of SPI's opposition to EMS's motion to transfer.

and 1400(a). *See* 28 U.S.C. § 1391(c) (a corporation "resides" in any district in which it is subject to personal jurisdiction). Venue also is proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to SPI's claims occurred in this district. As described above, EMS's website has actively sought New York customers and EMS has made substantial sales in this district. While sales have, of course, occurred in other states as well, "the civil venue statute permits venue in multiple judicial districts as long as 'a substantial part' of the underlying events took place there." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005); *Neufeld v. Neufeld*, 910 F. Supp. 977, 986 (S.D.N.Y. 1996) ("This provision does not require that plaintiffs establish that the Southern District has 'the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere.'"). After enjoying the benefits of doing business in New York, EMS cannot now evade this forum.

## II.    TRANSFER IS INAPPROPRIATE AS SPI'S ACTION WAS FIRST-FILED AND THERE IS NO REASON TO MOVE THE CASE TO A NEIGHBORING COURT

In a classic case of forum-shopping, EMS filed a second suit in the Eastern District of Pennsylvania ("E.D. Pa.") after SPI filed this suit in this Court. EMS now seeks to transfer this case to the E.D. Pa.; however, there is simply no compelling reason to overcome the significant weight given to SPI's first-filed choice of forum. Indeed, EMS's desired forum is only 55 miles closer to its offices than this Court. SPI is not seeking to drag EMS across the country or even out of the region. No one needs to get on a plane. This Court is less than two hours away from Philadelphia by car and only one hour by train. EMS's motion has more to do with litigation gamesmanship than with convenience of the parties and should be denied.

### A.      Procedural History

On May 17, 2007, SPI brought this action against EMS for copyright infringement, federal unfair competition under the Lanham Act, and unfair competition under New York common law and New York Gen. Bus. Law §§ 349 and 350.  In good faith reliance on settlement negotiations between the parties, however, SPI did not immediately serve the complaint on EMS.  Despite these ongoing negotiations and the suit pending against it in this Court, EMS filed a declaratory judgment action in the E.D. Pa. on July 27, 2007 with no prior warning to SPI.  SPI then served the complaint in this litigation on EMS on July 30, 2007.

EMS's declaratory judgment complaint in the E.D. Pa. is a virtual mirror image of SPI complaint filed with this Court, asking the E.D. Pa. to find that EMS has not infringed SPI's copyright, has not violated the Lanham Act, and has not misappropriated SPI's reputation, business, labor, or propriety interest in its webpages under New York unfair competition law. Ex. 2.  SPI has filed a motion to transfer the E.D. Pa. case to this Court (Ex. 5), where the case was first-filed.[3]

### B.      Significant Weight is Accorded to SPI's Choice of Forum

EMS admits that SPI's choice of forum is given significant weight and will not be disturbed, unless the balance of factors weighs *strongly* in favor of granting the transfer.  EMS Br. at 10; *see also 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994); *see also City of New York v. Exxon Corp.*, 932, F.2d 1020, 1025 (2d Cir. 1991).  The best EMS can do to try to overcome this significant presumption is to complain that SPI is a Delaware corporation without a physical office in New York.  EMS Br. at 10.  EMS does not

---

[3]    SPI planned to file its motion to transfer the E.D.Pa. case on September 20, 2007, but discovered on September 20 that EMS amended its complaint on September 19, 2007.  *See* Ex. 3. EMS's amended complaint does not substantively change its case.

provide any support for the alleged relevance of this contention, and there is none. EMS is grasping at straws because it cannot deny that SPI's choice of forum is paramount.

EMS prefers its second-filed action in the E.D. Pa.; however, the later-filed action is usually dismissed or stayed, as EMS itself acknowledges. EMS Br. at 2 n.1; *see also 800-Flowers*, 860 F. Supp. at 131. There is a strong presumption that the forum of the first-filed action should retain possession of the action. *See Exxon Corp.*, 932 F.2d at 1025; *Columbia Pictures Indus. v. Schneider*, 435 F. Supp. 742, 747 (S.D.N.Y. 1997); *see also In re Cuyahoga Equi. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("motions for transfer lie within the broad discretion of the district court").

Further, the burden of persuading a court that a transfer is warranted lies with the moving party. *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998). When considering whether transfer is appropriate, "a court should not disturb the plaintiff's choice of forum 'unless the defendants make *a clear and convincing* showing that the balance of convenience favors defendants' choice.'" *Id.* (emphasis added) (quoting *Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995)). EMS has not and cannot make such a showing.

### C.      Convenience of the Witnesses and the Parties

EMS never says that this Court is an inconvenient forum, only that the E.D. Pa. would be a "more convenient" forum. *See* EMS Br. at 6–7. EMS does not have the right, however, to the closest courthouse in the country. This Court is only 90 miles from EMS's headquarters. Indeed, the E.D. Pa. is itself 35 miles away from EMS. The difference that EMS so strenuously opposes is only 55 miles. There is simply no need to transfer this case to a neighboring district only a few miles closer. *See*, *e.g.*, *Zangiacomi v. Saunders*, 714 F. Supp. 658, 661 (S.D.N.Y. 1989) (denying motion to transfer from SDNY to D. Conn. where the witnesses were in a

neighboring state and the courthouse was only 75 miles away); *Charter One Auto Finance Corp. v. National Vehicle Imports, LLC*, No. 04-6099, 2005 WL 2886006, at *4 (W.D.N.Y. Sep. 16, 2005) (Ex. 4) ("[I]n light of the geographic proximity of New York to New Jersey and the easy availability of transportation between the two states, any inconvenience would be slight at best."); *Leif Hoegh & Co. v. Alpha Motor Ways, Inc.*, 534 F. Supp. 624, 626 (S.D.N.Y. 1982) (refusing motion to transfer to New Jersey where defendants made no showing that they or their witnesses would be subjected to significant inconvenience or unreasonable cost by having to travel to New York especially in view of the proximity of the two jurisdictions).

### D. Location of Relevant Documents

Again, the distance between the two forums, even if many of the documents are physically located in Pennsylvania, is simply not significant enough to dislodge the Plaintiff's choice of forum. Further, as a practical matter, all documents are likely to be copied and produced electronically or by overnight delivery, regardless of where the originals exist. EMS can point to no special or unusual document issues that would require transfer of this case to the closest possible forum to EMS's headquarters. *See, e.g.*, *Leif Hoegh*, 534 F. Supp. at 626.

### E. Locus of Operative Facts

This case is first and foremost an Internet case; thus, the locus of operative facts concerning what was published on the Internet, the extent of the copying, who saw it, the resulting damage to SPI, etcetera, is not limited to any one particular jurisdiction. To the extent the activities underlying EMS's website took place at its headquarters and/or at the office of its "webmaster" as EMS suggests (EMS Br. at 9), both are located in Pennsylvania which, again, is a neighboring jurisdiction. Further, SPI's claims under New York law necessarily arise under

and relate to tortious activity committed in New York, which is squarely within this Court's jurisdiction, and not that of the E.D. Pa.

### F. Availability of Process to Compel the Attendance of Unwilling Witnesses

EMS does not even address this issue, apparently aware that this factor favors SPI. The Federal Rules of Civil Procedure allow a subpoena to be issued to any person who lives, works or regularly transacts business within 100 miles of the courthouse. Fed. R. Civ. P. 45(C)(3)(A)(ii) (allows a subpoena to be modified or quashed if a third party person must travel more than 100 miles); *see also Zangiacomi*, 714 F.Supp at 661 (holding that witnesses within 100 miles can be compelled to appear). If, as EMS claims, all of the relevant witnesses are in or near its Hatsfield, Pennsylvania location, they are well within the subpoena power of this Court. EMS Br. at 6. *See*, *e.g.*, *Leif Hoegh*, 534 F. Supp. at 626 (refusing motion to transfer where "transfer not required to obtain the testimony of an unwilling, material witness who is not amenable to service of process in New York.").

### G. This Court has Superior Familiarity with the Governing Law

There can be no argument that this Court is one of the most familiar in the nation with federal copyright and unfair competition laws. Further, this Court is in a far superior position than the E.D. Pa. to hear SPI's claims arising under New York law.[4] Accordingly, this factor unquestionably weighs against transfer.

### H. Trial Efficiency and the Interest of Justice

As the SDNY and E.D. Pa. actions are both newly filed, there is no reason to transfer this case, *i.e.*, the relative progress of both cases is the same. EMS admits this fact, but still claims

---

[4] EMS asserts that these claims are irrelevant because EMS has moved to dismiss them (EMS Br. at 10); however, such a contention is at best premature and, in any event, EMS's Rule 12(b)(6) motion is baseless.

this factor favors transfer because this Court is allegedly too "busy" to handle this action. EMS Br. at 11. Of course, this Court is perfectly capable of hearing this case. Further, the E.D. Pa. also is a busy court with an extensive docket. The difference between the two courts' respective "median times" from filing to trial is only a few months, which certainly is not cause to transfer this case.

This factor strongly favors SPI because giving in to EMS's obvious forum-shopping is contrary to the interests of justice. Realizing that it would soon be in litigation in a court that it apparently does not favor, EMS took actions to gain the benefit of a different jurisdiction. Indeed, had SPI not already filed this action in this Court, it would have had grounds to transfer out of the E.D. Pa. Courts have found that forum shopping can be inferred when a declaratory action was filed after receiving notice that the other party planned to bring suit in another jurisdiction. *See, e.g., Fed. Inc. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347 (S.D.N.Y. 1992); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) ("When the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the [second filed action's] chosen forum."). Acceding to EMS's obvious litigation tactics is not a worthy precedent.

## **CONCLUSION**

For the foregoing reasons, SPI respectfully requests that this Court deny EMS's motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer.

Dated: New York, New York
October 9, 2007

                                          KENYON & KENYON LLP

                                          _s/ Michael J. Freno_
                                          Joseph F. Nicholson (7307)
                                          Michael J. Freno (6969)
                                          One Broadway
                                          New York, New York 10004
                                          Tel: 212-425-7200
                                          Fax: 212-425-5288

                                          *Counsel for Plaintiff Structure Probe, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2007, I electronically filed the foregoing, along with the Declaration of Michael J. Freno in Opposition to EMS's Motion to Transfer, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Raymond J. Dowd
Dunnington, Bartholow & Miller LLP
477 Madison Avenue, 12th Floor
New York, New York 10022
(212) 682-8811
(212) 661-7769 (fax)

*Attorney for Defendant EMS Acquisition Corp..*

                                               s/ Michael J. Freno